**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SALESBRAIN, INC., et al., | No. C 12-05026 LB |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| ANGELVISION TECHNOLOGIES, et al., | [Re: ECF No. 46] |
| Defendants. | |

## INTRODUCTION

SalesBrain, LLC ("SalesBrain"), Patrick Renvoise, and Christophe Morin (collectively, "Plaintiffs") sued AngelVision Technologies, Inc. ("AngelVision") and Jeff Otis for claims arising out of a prior business relationship between SalesBrain and AngelVision and actions taken after that relationship ended. *See* First Amended Complaint ("FAC"), ECF No. 10.[1] The court dismissed Mr. Renvoise and Mr. Morin as plaintiffs, and dismissed with prejudice SalesBrain's claims against Mr. Otis for lack of personal jurisdiction, leaving only SalesBrain and AngelVision as parties to this action. 3/21/2013 Order, ECF No. 41. The court also dismissed without prejudice, among others, SalesBrain's claim against AngelVision for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a)). *Id.* at 22-25. SalesBrain filed a Second Amended Complaint and re-alleged its

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-05026 LB
ORDER

trademark infringement claim, Second Amended Complaint ("SAC"), ECF No. 44 ¶¶ 33-39, and AngelVision now moves for sanctions against SalesBrain's counsel for doing so, Motion, ECF No. 46 at 15-18. Upon consideration of the papers submitted and the record in this case, the court **DENIES** AngelVision's motion.[2]

## STATEMENT

As described above, SalesBrain re-alleged its trademark infringement claim in its Second Amended Complaint. SAC, ECF No. 44 ¶¶ 33-39. The court previously dismissed the claim in its 3/21/2013 Order, stating as follows:

> Here, Plaintiffs allege that SalesBrain has used its four neuromarketing principals as a tagline since at least 2003 and therefore have built up goodwill such that it is entitled to trademark protection. *See* FAC, ECF No. 10 ¶¶ 21-23. Plaintiffs also allege that AngelVision, "with at least constructive notice" of SalesBrain's rights with respect to the tag line, "adopted and used" the tag line in preparing sales and marketing materials to others, and that this use "is likely to cause confusion, mistake, or to deceive as to origin, affiliation, connection, sponsorship, or association of AngelVision with SalesBrain, or as to the origin, sponsorship, or approval of AngelVision's use of" the tagline by SalesBrain. *Id.* ¶¶ 24, 45. AngelVision argues, in essence, that no one could possibly be confused by its use of SalesBrain's tagline because it attributed the four neuromarketing principles to SalesBrain. *See* AngelVision Motion, ECF No. 16 at 9-10. Indeed, as noted above, SalesBrain attached to its First Amended Complaint screenshots of AngelVision's "Coffee with AngelVision" webinar that contain SalesBrain's four neuromarketing principals. *See id.*, Exh. C. Below the four marketing principals the following is stated: "Source: SalesBrain." *See id.*
>
> Without more, the court is hard-pressed to understand how AngelVision's inclusion of SalesBrain's four neuromarketing principals would cause consumer confusion, given that AngelVision clearly attributes them to SalesBrain. And Plaintiffs have not provided anything more. On this point, their opposition brief merely provides basic legal standards for trademark infringement and recites the trademark infringement-related allegations from its First Amended Complaint. Opposition to AngelVision Motion, ECF No. 23 at 6-7. Accordingly, Plaintiffs' fifth claim for false designation of origin under Section 43(a) of the Lanham Act is **DISMISSED WITHOUT PREJUDICE**.

3/21/2013 Order, ECF No. 41 at 25.

In its Second Amended Complaint, SalesBrain introduced further, more detailed allegations—"something more"—to support its trademark infringement. Specifically, SalesBrain

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the June 20, 2013 hearing.

alleges:

> Continuously since approximately 2002, SalesBrain has used the Mark to identify its services and distinguish them from others, by prominently displaying its Mark in connection with its advertising. As a result of the sales and advertising by SalesBrain under its Mark said Mark has come to indicate to said purchasers a meaning of SalesBrain's services originating only with SalesBrain (or its licensees). As a result of said association by purchasers of the mark with SalesBrain, Angel vision's use of the Mark and in some cases, SalesBrain's name, has caused and is likely to continue to cause confusion by said purchasers.

SAC, ECF No. 44 ¶ 35. SalesBrain also alleges that "[its] customers or potential customers have been confused by AngelVision's advertising believing [it] is connected with AngelVision and/or has approved or sponsored AngelVision's use of its Mark" and that "[its] customers or potential customers believe or are likely to believe the two companies use the same Neuromarketing principles and techniques in creating advertising material for others." *Id.* ¶¶ 36, 37. SalesBrain also attached three new slides to the Second Amended Complaint that show AngelVision's use of the neuromarketing principals (although these slides still attribute the principals to SalesBrain). *Id.*, Exh. C.

AngelVision thereafter filed a motion to dismiss the trademark infringement claim in SalesBrain's Second Amended Complaint.[3] Motion, ECF No. 46. Within the same document, AngelVision also moved for sanctions against SalesBrain's attorney Kirsten Jahn for unreasonably multiplying proceedings. *Id.* at 14-16. With respect to its request for sanctions, AngelVision alleges that the trademark infringement claim found in the Second Amended Complaint is "the very same claim where the same attributions are present" as found in the First Amended Complaint. *Id.* at 16. AngelVision states that the "additional factual allegations" of the trademark infringement claim in the Second Amended Complaint "do not in the least bit change the substance of SalesBrain's purported Lanham Act claim," which AngelVision moved to dismiss "on the very same ground," since the new slides in the exhibit attached to the Second Amended Complaint still attribute

---

[3] SalesBrain voluntarily dismissed this action on May 20, 2013, thereby mooting AngelVision's motion to dismiss. Notice, ECF No. 62. Thus, the court does not address it. As AngelVision pointed out in its May 24, 2013 letter, the court still has jurisdiction over the request for sanctions. Letter, ECF No. 63.

C 12-05026 LB
ORDER
3

SalesBrain as the source of the Neuromarketing principles used by AngelVision. *Id.* at 15-16. Thus, SalesBrain "unnecessarily force[d] AngelVision to bring another motion to dismiss, on grounds identical to its earlier motion to dismiss, and incur attorney's fees associated therewith in the amount of $11,650," the amount that AngelVision requests in sanctions. *Id.* at 16. AngelVision also stated that the re-allegation of the claim was made "in bad faith, unreasonable and simply improper." *Id.*

## ANALYSIS

### I. LEGAL STANDARD

#### A. Sanctions Generally

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to insure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on.") (internal quotation marks and citation omitted)). "The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) ("The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed.") (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.")).

#### B. 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions imposed pursuant to 28 U.S.C. § 1927, however, may only be imposed based on activities before the sanctioning court. *GriD Sys. Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1319 (9th Cir.1994) (per curiam). They also "must be supported by a finding of subjective bad faith." *In Re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 436 (citations and quotation marks omitted). Such "[b]ad faith is

present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*. When awarding sanctions under § 1927 (or pursuant to the Court's inherent authority), district courts have discretion in determining whether sanctions are appropriate and, if so, in what amount. *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001).

### C. Inherent Powers

Courts also are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "This circuit has recognized as part of a district court's inherent powers the 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power . . . to exclude testimony of witnesses whose use at trial . . . would unfairly prejudice an opposing party.'" *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)). Although the caselaw is somewhat equivocal about the state of mind required to impose sanctions under the court's inherent power, *see United Medical Supply Co., Inc. v. U.S.*, 77 Fed. Cl. 257, 266-67 (Fed. Cl. 2007), the Ninth Circuit has concluded that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

## II. APPLICATION

AngelVision's request for sanctions fails for two reasons. First, as SalesBrain points out, it fails because it was not filed separately. Under Civil Local Rule 7-8, "[a]ny motion for sanctions, regardless of the sources of authority invoked, must . . . be separately filed." N.D. Cal. Civil L.R. 7-8. AngelVision's request for sanctions was contained within its motion to dismiss and therefore does not comply with Civil Local Rule 7-8.

Second, even if AngelVision had filed its motion separately, the court does not find, as AngelVision suggests, that SalesBrain re-alleged its claim in bad faith. Indeed, it appears that SalesBrain attempted to add allegations to support its theory that consumer confusion has resulted from AngelVision's use of the neuromarketing principles. As described above, in its Second Amended Complaint, SalesBrain alleges that its customers or potential customers actually have been confused by AngelVision's use of the neuromarketing principals. *See* SAC, ECF No. 44 at ¶¶ 35-37. At the pleadings stage—which is where this action is at and where SalesBrain's allegations are taken as true—this is enough. Therefore, the court finds that Ms. Jahn's conduct was not improper **DENIES** AngelVision's request for sanctions.

## CONCLUSION

For the reasons stated above, the court **DENIES** Angelvision's request for sanctions. This case is closed.

This disposes of ECF No. 46.

**IT IS SO ORDERED.**

Dated: May 31, 2013

_____
LAUREL BEELER
United States Magistrate Judge